IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CANDICE PUDDER,

            Plaintiff,

v.                                         CIVIL ACTION NO. 2:11-cv-00970

WAL-MART STORES, INC., et al.

            Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

Pending before the Court is Plaintiff's Motion to Remand [Docket 7], which includes a motion for attorneys' fees and cost associated with the remand motion. For the reasons that follow, the motion to remand is **GRANTED** but the motion for fees and costs is **DENIED**.

*I. FACTUAL BACKGROUND & PROCEDURAL HISTORY*

This action arises out of a complaint filed by Plaintiff Candice Pudder in the Circuit Court for Kanawha County, West Virginia, on November 4, 2011. Plaintiff filed suit against Wal-Mart Stores, Inc., and Frank Tomblin, Plaintiff's immediate supervisor and a regional supervisor of Wal-Mart's pharmacies in Elkins and elsewhere, alleging unlawful retaliation, constructive discharge, and breach of contract. (Docket 1-1 at 2.) The complaint alleges that Plaintiff worked as a pharmacist in Wal-Mart's Elkins, West Virginia, store from January 29, 2007, until her promotion to Pharmacist-in-Charge and Pharmacy Manager of the Elkins store on or about February 1, 2010. (*Id.* at 3.) The complaint states that "[i]n consideration for Plaintiff's agreement to assume the position of Pharmacy Manager, Wal-Mart agreed that" Plaintiff would be permitted to devote six

hours to administrative tasks per week and would receive "premium pay" for any overtime. (*Id.*) Plaintiff alleges that Defendants failed to meet the terms of this agreement and that such failure constitutes a breach of contract (Count II).

The complaint also alleges that Defendants "refused to allow Plaintiff additional pharmacist staffing needed so that the Elkins store pharmacy would be in compliance with controlling state statutes and regulations." (*Id.* at 4.) According to Plaintiff, she advised Wal-Mart representatives of various shortcomings in the operation of their Elkins pharmacy, namely that the pharmacy was "non-complian[t] with controlling state statutes and regulations addressing maximum pharmacist to pharmacy technician ratios and adequate staffing of pharmacists and technicians generally." (*Id.*) The complaint alleges that not only did Defendants take no remedial action, but they also retaliated against Plaintiff in various ways and thereby constructively discharged Plaintiff, all because she "express[ed] her concerns about pharmacy staffing issues and insist[ed] that Defendants comply with West Virginia laws." (*Id.*) Plaintiff sets forth the following as the legal source for her unlawful retaliation and constructive discharge claims (Counts I and III, respectively):

> Substantial public policies of the State of West Virginia protect a pharmacist, including a Pharmacist-in-Charge, as that term is defined by W. Va. Code § 30-5-1b, from retaliation or discrimination for expressing concerns to her employer concerning the operations of the pharmacy concerning the public safety or the pharmacist's obligations to abide by the requirements of the West Virginia Board of Pharmacy or other professional responsibilities and obligations. This public policy is embodied in, at a minimum, state statutes and regulations governing the licensing and operating of pharmacies in West Virginia, W. Va. Code § 30-5-1, et seq., including but not limited to W. Va. Code § 30-5-5a, W. Va. C.S.R. §§ 15-1-20 and 15-1-14.8, as well as case law of the State of West Virginia recognizing an employee's protection from retaliation for raising concerns or expressing criticism to his employer about issues concerning safety and well-being in the health care industry, including *Tiernan v. CAMC*, 575 S.E.2d 618 (W. Va. 2002) and *Tudor v. CAMC*, 506 S.E.2d 554 (W. Va. 1997).

(*Id.* at 5.) Plaintiff then enumerates a list of nine ways in which Defendants retaliated against Plaintiff, including, *inter alia*: (1) taking actions to ensure Plaintiff's ineligibility for promotion; (2) making threats to impose a "Performance Improvement Plan"; (3) orchestrating unannounced performance reviews of the Elkins pharmacy by Wal-Mart's Quality Assurance Division; (4) imposing revenue and prescription quotas on the Elkins pharmacy that were unattainable or difficult to meet; (5) basing employment decisions, including salary, bonus, and promotion decisions, on pharmacy revenues and prescription volumes; (6) physically escorting Plaintiff from the Elkins Wal-Mart facility on her last day of employment; and (7) "Informing Plaintiff she could not use [Family Medical Leave Act (FMLA)] leave for eye surgery, when the leave plainly qualified for FMLA leave." (*Id.* at 6-7.)

Defendants filed a timely notice of removal on December 8, 2011, contending that this Court has subject matter jurisdiction because Plaintiff's complaint includes a cause of action created by federal law, namely a claim that Defendants interfered with Plaintiff's rights under the FMLA and retaliated against her for attempting to exercise those rights. (Docket 1 at 2-3.) Plaintiff filed an amended complaint pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure on December 13, 2011. The amended complaint eliminates reference to the FMLA. (Docket 6.) On December 21, 2011, Plaintiff filed the present motion to remand, arguing that on the face of her complaint, Plaintiff neither sets forth a federal cause of action nor a state law cause of action that requires resolution of a substantial question of federal law. In Plaintiff's view, her state law causes of action rest only in part on a theory of relief that touches upon a federal issue.

3

## *II. DISCUSSION*

There is no allegation of diversity of citizenship between the parties in this case; the notice of removal claims the existence of federal question jurisdiction under 28 U.S.C. § 1331. (Docket 1 at 2-3.) Under § 1331, federal courts have original jurisdiction over all civil actions that "arise under" the Constitution or laws of the United States. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms, Inc. v. Thompson*, 478 U.S. 804, 807 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)). In describing federal question jurisdiction, the Fourth Circuit has outlined the following framework:

> In determining whether an action presents a federal question under § 1331, a court must first discern whether federal or state law creates the cause of action. Most of the cases brought under § 1331 federal question jurisdiction are those in which federal law creates the cause of action. In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction. If, however, state law creates the cause of action, as in the instant case, [the court will] apply a different test. In this instance, federal question jurisdiction depends on whether the plaintiff's demand necessarily depends on resolution of a substantial question of federal law.

*Mulcahey*, 29 F.3d at 151 (citations and internal quotations omitted). Thus, complete preemption aside, there are two ways a case can "arise under" federal law: (1) where federal law creates the cause of action; and (2) where state law creates the cause of action but the plaintiff's demand "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 28.

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey*, 29 F.3d at 151 (citation omitted). In deciding a motion to remand, a district court "should

resolve all doubts, concerning the validity of a removed civil action, in favor of remand." *Thorne v. WLR Foods, Inc.*, 111 F. Supp. 2d 744, 745 (N.D. W. Va. 2000) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999)).

In their memorandum in response to Plaintiff's motion to remand, Defendants expressly invoke the first kind of federal question jurisdiction, stating that "Defendants did not remove this matter based upon the substantial federal question doctrine; rather, this case was removed, [sic] because the Plaintiff *directly* alleged violations of her substantive rights under the FMLA." (Docket 10 at 5.) According to Defendants, Plaintiff's complaint directly alleges that Defendants interfered with Plaintiff's exercise of her rights under the FMLA and that they retaliated against her for exercising her substantive rights under the FMLA, such that federal law creates the cause of action underlying her retaliation and constructive discharge claims. (*Id.* at 5-6.) Plaintiff argues that the retaliation and constructive discharge claims are predicated on violations of West Virginia public policy, as recognized in decisions of the West Virginia Supreme Court of Appeals. (Docket 8 at 2-3.) According to Plaintiff, she was retaliated against for voicing concerns about staffing and management responsibility protocols at Defendants' pharmacy, all of which she alleges are protected under substantial state public policy. (*Id.*) The FMLA becomes relevant to the state law cause of action, Plaintiff argues, only as one example of the retaliation she experienced for voicing her concerns.

As the Supreme Court has recognized, "the well-pleaded complaint rule . . . focuses on claims, not theories, and just because an element that is essential to a particular theory might be governed by federal . . . law does not mean that the entire . . . claim 'arises under [federal] law.'"

5

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 811 (1988). Thus, "where federal law was only essential to one of several theories under which the plaintiff sought relief for the same claim, the invocation of that law was not sufficient to confer federal question jurisdiction." *Wagner v. Regent Invs., Inc.*, 903 F. Supp. 966, 970 (E.D. Va. 1995) (citing *Christianson*, 486 U.S. at 809-810). The Fourth Circuit has observed that "*Christianson* teaches us that, if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist." *Mulcahey*, 29 F.3d at 153 (citation omitted).

The above holdings squarely apply in this case. Plaintiff does not claim that she was retaliated against for pursuing her rights under the FMLA. Instead, Plaintiff claims that she was retaliated against for "express[ing] concerns about Defendants' failure to comply with State laws pertaining to pharmacy staffing and responsibilities of the Pharmacist-in-Charge." (Docket 8 at 3.) The FMLA is relevant to this lawsuit only as one alleged manifestation of Defendants' retaliatory behavior. More specifically, Plaintiff alleges that Defendants denied her FMLA leave to which she was lawfully entitled in order to retaliate against her for complaining about Defendants' staffing practices. In terms of *Christanson* and *Mulcahey*, Plaintiff states a claim under state law for retaliation and constructive discharge in violation of substantive public policy. One theory to support her claim is that Defendants denied her FMLA leave to which she was lawfully entitled. It is plain from the complaint, however, that Plaintiff alleges other theories to support her state law claim, without reliance on her FMLA theory. (Docket 1-1 at 6-8.) In fact, Plaintiff's FMLA theory is but one of nine enumerated allegations of retaliation in violation of state public policy.

6

Accordingly, resolution of Plaintiff's claims does not depend on federal law, and this Court is without jurisdiction. The motion to remand [Docket 7] is **GRANTED**.

The Court finds no reason to address the parties' contentions related to the amended complaint. Even with the now-redacted FMLA paragraph, this Court lacks jurisdiction.

### *III. CONCLUSION*

For the foregoing reasons, Plaintiff's Motion to Remand [Docket 7] is **GRANTED**. The Motion for Attorney's Fees contained in that filing is **DENIED**. The Court **REMANDS** this case to the Circuit Court of Kanawha County for further proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The Clerk is further **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of Kanawha County.

ENTER: May 2, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE